UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELISEO ESCAMILLA<br>on behalf of himself and other Plaintiffs<br>similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EMERALD CONCRETE, INC.,<br>MARTIN KEANE, individually,<br>and  JERRY KEANE, individually.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>**Jury Trial Requested**<br><br>FILED: MAY 6, 2008<br>08CV2608      PH<br>JUDGE DARRAH<br>MAGISTRATE JUDGE SCHENKIER |

## COMPLAINT

Eliseo Escamillo ("Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated,

known and unknown, through their attorneys, Barlow, Kobata & Denis, for their Complaint against

Defendants Emerald Concrete, Inc., Martin Keane, individually, and Jerry Keane, individually(

hereafter "Defendants") state as follows:

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT

**I.     NATURE OF ACTION**

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"), the Portal to Portal Act, 29 U.S.C. § 251 *et seq.,* and the Illinois Minimum Wage Law,

820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and a

class of similarly situated employees.  During the course of his employment, Plaintiff and a class of

similarly situated employees routinely worked in excess of forty (40) hours a week, but were not paid at one and one-half times their regular rate for all overtime hours worked. Defendants' actions were and are willful and had the effect of denying Plaintiff and a class of similarly situated employees their overtime wages.

## II.    JURISDICTION AND VENUE

2.    Federal jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, including §§ 206 and 207 and the Portal-to-Portal Act, 29 U.S.C. § 251 *et. seq.* There is supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3.    Venue lies in the Northern District of Illinois in that Plaintiff resides in this district, Defendants are engaged in business in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this District.  At all pertinent times, Plaintiff worked in this judicial District.

## III.    PARTIES

4.    Defendants Emerald Concrete, Inc., Martin Keane, individually, and Jerry Keane, individually, are engaged in the business of concrete.  At all pertinent times, the Defendants Emerald Concrete, Inc. is an Illinois corporation and operates businesses located in Chicago, Illinois.  Martin Keane and Jerry Keane are the owners and agents of Emerald Concrete, Inc.

5.    Defendants are "employers" subject to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6.    Plaintiff resides at 2024 N. Karlov, Chicago, Illinois. He was employed by Defendants between 2002 to April 2008, and satisfactorily performed his job duties.

7.    At all relevant times herein, Plaintiff, and all other unnamed Plaintiffs of the class,

known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either former or current employees of Defendants.

8.    Plaintiff has signed a Consent to Become A Party Plaintiff under the Fair Labor Standards Act, a copy of which is attached hereto as Exhibit 1.

9.    Plaintiff's primary job duties involve performing non-exempt work.  Plaintiff's job duties involved pouring concrete.

## IV.    CLASS ALLEGATIONS

10.    Pursuant to 29 U.S.C. § 216 (b), this action may be maintained by the Plaintiff Class, or anyone for and on behalf of themselves and other Plaintiffs similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. § 206 *et. seq.* and § 251 *et. seq.*

11.    There exist past and present employees of the Defendants who are similarly situated to the named Plaintiff in that those similarly situated employees have performed the same or similar job duties as the named Plaintiff and have been compensated in the same or similar manner as the named Plaintiff.

12.    Plaintiff and similarly situated employees are subject to common personnel policies, including the Defendants' same policies regarding overtime pay.

13.    Defendants have a common policy and practice regarding the payment of wages, the non-payment for overtime, and the computation of overtime for all of its locations.

14.    For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

15.    Pursuant to 29 U.S.C. § 216(b), the Court should, in addition to any judgment awarded the Plaintiff Class, allow reasonable attorneys' fees and costs of the action to be paid by Defendants.

16.    In order to bring this cause of action, it has been necessary for the named Plaintiff and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation.

## V.    FACTUAL ALLEGATIONS

17.    Plaintiff and all other members of the Plaintiff Class, known and unknown, at all times pertinent to the cause of action, were employed by Defendants.

18.    At all pertinent times, Defendants had a practice of not paying overtime at a rate of one and one half times the hourly rate for hours worked in excess of 40 hours in a work week.

19.    At times while he was employed, Plaintiff worked more than 40 hours in a work week.

20.    On the occasions when Plaintiff worked more than 40 hours in a work week, he was not paid overtime at a rate of one and one-half the hourly rate for the hours worked in excess of 40 hours.

21.    Plaintiff complained to Defendants about Defendants' failure to pay overtime hours worked in excess of 40 hours per week.

22.    Defendants have both in the past and presently, employed members of the Plaintiff Class, including the Plaintiff in excess of forty (40) hours in a workweek, but have failed to pay them at a rate of time and one-half their regular hourly rate, pursuant to the requirements of the FLSA. Defendants violated the FLSA in the following ways:

a.      Defendants failed or refused to pay overtime pay for all hours worked over 40 in a work week;

23.      Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, and the Portal-to-Portal Act 29 U.S.C. § 251 *et. seq.*, Plaintiff, and all other Plaintiffs similarly situated, known and unknown are entitled to compensation at a rate not less than one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this Complaint.

24.      Defendants have at all times relevant hereto failed and refused to pay overtime compensation to Plaintiff and all other members of the Plaintiff Class, known and unknown at the rate of one and one-half their regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the FLSA.

25.      Defendants' failure to pay overtime compensation at the rate of one and one-half for all hours worked over forty (40) in a work week is a violation of the Fair Labor Standards Act.

WHEREFORE Plaintiff and all other Plaintiffs similarly situated, known and unknown respectfully request this Court to enter an order as follows:

a.      Awarding a judgment equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

b.      Awarding liquidated damages with respect to the total amount of unpaid overtime compensation;

c.      Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

d.      That the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to the Plaintiff and members of the Plaintiff Class during the relevant time period;

e.      For such other, additional, and further relief as the Court deems appropriate under the circumstances.

**COUNT II**
**WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT**

1-25.    Paragraphs 1-25 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 25 of Count II.

26.    Defendants have, both in the past and presently, willfully failed to pay Plaintiff and members of the Plaintiff Class for hours worked in excess of forty (40) hours per week at a rate equal to one-half times their regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

27.    Defendants continue a pattern of deliberate, intentional, and willful violation of the Fair Labor Standards Act.

28.    Pursuant to the Fair Labor Standards Act, the named Plaintiff and all Plaintiffs similarly situated, known and unknown are entitled to compensation at a rate of not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff and all Plaintiffs similarly situated, known and unknown respectfully request this Court to enter an order as follows:

a.      Awarding a judgment equal to the amount of all unpaid overtime compensation for

6

one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

b.      Awarding liquidated damages with respect to the total amount of unpaid overtime compensation;

c.      Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

d.      For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES

1-28.    Paragraphs 1-28 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 28 of Count III.

29.      In denying Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half times their regular rate for hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

30.      Plaintiff and all other members of the Plaintiff Class, known and unknown are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 206.

WHEREFORE, Plaintiff and all Plaintiffs similarly situated, known and unknown respectfully request this Court to enter an order as follows:

a.      Awarding liquidated damages equal to the amount of all unpaid overtime compensation;

b.      Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of

Defendants' violation of the Fair Labor Standards Act; and

c.    For such other, additional, and further relief as the Court deems appropriate under the circumstances.

**COUNT IV**
**SUPPLEMENTAL STATE COURT CLAIM**
**ILLINOIS MINIMUM WAGE LAW, 820 ILCS SECTION 105 *et. seq.***

1-30    Paragraphs 1-30 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 30 of Count IV.

31.    There exists a statute called the Illinois Minimum Wage Law, 820 ILCS Section 105 *et. seq.*, which requires employers to pay to employees a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one-half times the employee's regular hourly rate.

32.    This Court has jurisdiction over the Illinois state claim by virtue of 28 U.S.C. § 1367.

33.    At all relevant times herein, Defendants were employers as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff and members of the Plaintiff Class were employees within the meaning of that Act.

34.    Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff and all Plaintiffs similarly situated, known and unknown were entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

35.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs and members of the Plaintiff Class at one and one-half times their normal rate of pay for hours worked in excess of forty (40) hours per week.

36.    Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the Plaintiff Class were

8

entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

37.    The aforementioned Illinois statute provides for a statute of limitations of three years from the date of the underpayment of the wage, without qualification.

38.    The aforementioned Illinois statute also provides for Plaintiff and members of the Plaintiff Class to recover the amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be allowed by the Court.

39.    Defendants' failure to pay Plaintiff and members of the Plaintiff Class time and one-half for hours worked in excess of forty (40) hours in a workweek is a violation of the Illinois Minimum Wage Law.

40.    The named Plaintiff represents all similarly situated employees who have not been paid for overtime at the required time and one-half rate, under the provisions of the Illinois Minimum Wage Law.

41.    The Court should certify this suit as a class action and determine the rights of the parties as to the individual Plaintiff and as to the class' overtime pay, and damages due, pursuant to 820 ILCS 105/12, with prejudgment interest pursuant to 815 ILCS 205-2; and the Court should direct the Defendants to pay for all of said overtime wages, penalties and prejudgment interest thereon, due the Plaintiff and the Plaintiff Class.

42.    This suit is brought pursuant to 735 ILCS 5/2-801 as a class action because the class or subclasses of Plaintiffs is so numerous that joinder of all members is impracticable. It is further impracticable, at this time, to discover the numerous members of the class similarly situated to the Plaintiff, or to join said members as parties to this suit. Plaintiff, therefore, brings this action on his

own behalf as an aggrieved employee, and in his representative capacity as and aggrieved employee, against the Defendants.

43.    The issues involved in this cause present common questions of law and fact, and these common questions of law and fact predominate over the variations which may exist between members of the class and subclasses, if any.

44.    Examples of common issues of fact include, but are not limited to, the following:

      a.    whether members of the Plaintiff Class were or are expected to work and did in fact work more than 40 hours per week; and

      b.    the practice or policy by Defendants to not compensate Plaintiff and Plaintiff Class at time and one-half for hours worked in excess of forty (40) hours in a workweek

45.    Examples of common questions of law include, but are not limited to, the following:

      a.    whether the Defendants are subject to the statutory overtime requirements;

      b.    whether Defendants violated the applicable statutory provisions by withholding overtime pay from Plaintiff and members of the Plaintiff Class;

      c.    the correct statute of limitations for claims of members of the Plaintiff Class;

      d.    whether Defendants accurately recorded the hours worked by the members of the Plaintiff Class; and

      e.    whether Plaintiff and members of the Plaintiff Class are entitled to injunctive relief to enjoin Defendants' statutory compliance.

46.    The Plaintiff and members of the Plaintiff Class have a commonality of interest in the subject matter and remedy sought, involving, for example, overtime pay, penalties, injunctive relief,

and Defendants' common company wide personnel policies. The individual Plaintiff is able, fairly and adequately, to represent and to protect the interests of the members of the Plaintiff Class.

47.    A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. If individual actions were required to be brought by each of the members of the Plaintiff Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individual Plaintiff and to the Court, as well as to the Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this controversy and distribution of the common fund to which the class is entitled.

WHEREFORE, Plaintiff and all other plaintiffs similarly situated, known and unknown respectfully requests this Court to enter an order as follows:

a.    A judgment in the amount of one and one-half times their normal hourly rate of pay for all hours which they worked in excess of forty (40) hours per week;

b.    Awarding punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

c.  Awarding liquidated damages equal to the amount of all unpaid overtime compensation;

d.  Awarding prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS 205/2.

e.  Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of that Act;

f.  That the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to Plaintiff and members of the Plaintiff Class during the relevant time period.

g.  For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## JURY TRIAL

A jury trial is demanded on all counts which are triable by a jury.

Respectfully submitted

Dated: May 6, 2008

MARTY DENIS
BARLOW, KOBATA & DENIS
525 W. Monroe Street, suite 2360
Chicago, Illinois 60661
(312) 648-5570

Attorneys for Plaintiff Eliseo Escamilla

12

CONSENT TO BECOME A PARTY PLAINTIFF UNDER
THE FAIR LABOR STANDARDS ACT

Eliseo Escamilla (herein "Plaintiff") submits this Written Consent to Become a Party

Plaintiff in an action Under the Fair Labor Standards Act. Plaintiff consents to becoming a party

plaintiff in an action against Defendants Emerald Concrete, Inc. and Jerry Keane under the Fair

Labor Standards Act, 29 U.S.C. §201, *et. seq.,* and state statutes because of Defendants' failure to

pay overtime pay and wages.

Dated: 05 / 05 / 08

Eliseo Escamilla, Plaintiff